JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ETTEDGUI, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WB STUDIO ENTERPRISES INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:20-cv-11410-MCS-MAA<br><br>**ORDER GRANTING MOTION TO REMAND [25] AND DENYING AS MOOT MOTIONS TO DISMISS AND TO CONSOLIDATE [24, 26]** |

    The Court rejected in *David Ettedgui v. WB Studio Enterprises, Inc.*, Case No. 2:20-cv-08053-MCS-MAA (*Ettedgui I*) the argument that section 301 of the Labor Management Relations Act ("LMRA") preempts Plaintiff's meal period claim. *See* Order Granting in Part and Denying in Part Mot. to Dismiss ("MTD Order"), ECF No. 35. Pending in this matter, *Ettedgui II*, is a claim under California Labor Code § 2699, *et seq.* removed to this Court based on the deficient preemption theory in *Ettedgui I*. *See* Not. of Removal, ECF No. 1. Plaintiff's instant Motion to Remand argues that the MTD Order means that the Court lacks subject matter jurisdiction over *Ettedgui II*.

1

Mot., ECF No. 25. WB filed an Opposition and Plaintiff filed a Reply. Opp., ECF No. 28; Reply, ECF No. 30. The Court deems the matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15. The Motion is granted and this matter is remanded. WB's motion to dismiss (ECF No. 26), motion to consolidate (ECF No. 24), and motion to consolidate in *Ettedgui I* (ECF No. 41) are denied as moot.

## I. BACKGROUND

WB employed Plaintiff as a "Tour Guide/Floater" from December 4, 2019 to January 4, 2020. Compl. ¶ 6. Due to Plaintiff's "rigorous" work schedule, he was sometimes unable to take meal breaks or rest periods. *Id.* ¶¶ 9, 11. WB required Plaintiff "to have [a] walkie talkie on [his] person," which resulted in interrupted breaks. *Id.*. Because of these interruptions and WB's other violations, Plaintiff was not compensated for all hours worked. *Id.* ¶¶ 12, 17. WB terminated Plaintiff after he complained about WB's practices. *Id.* ¶ 112. A collective bargaining agreement ("CBA") "provides for a meal period to be not less than one-half hour and must be provided not later than six hours after either reporting for work or after the end of a prior meal period." CBA, Not. of Removal ¶ 19. Article 30 of the CBA states in part:

> <u>Penalty for Delayed Meals</u>- Straight time allowance at the scheduled Studio Hourly Base Rate for length of delay. Minimum allowance: one-half (1/2) hour. Such allowance shall be in addition to the compensation for work time during the delay, and shall not be applied as part of any guarantee.

Plaintiff brings a claim for civil penalties under Labor Code § 2699, *et seq.* for violations of California Labor Code §§ 201-204 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, and the applicable Wage Orders on behalf of himself and putative classes of other employees. *See generally* Compl.

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). In determining whether removal is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

### III.  EXTRINSIC EVIDENCE

Both parties ask the Court to consider pleadings from *Ettedgui I* and other cases. *See* Pl.'s Req. for Judicial Not., ECF No. 25-2; *see also* WB's Req. for Judicial Not., ECF No. 28-1. WB seeks judicial notice of the CBA and Memorandums of Agreement between WB and the Professional Employees International Union, Local #174. *See* WB's Req. for Judicial Not. The Court considers the CBA and Memorandums of Agreement, *Johnson v. Sky Chefs, Inc.,* 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012) ("Courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption") (citation omitted), and the documents from *Ettedgui I* and other cases, but does not take judicial notice of reasonably disputed facts in them. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); *Cousyn for Cousyn Grading and Demo Inc. v. Ford Motor Company*, 2019 WL 3491930, at *4 (C.D. Cal. July 30, 2019) ("[E]ven when the court judicially notices the existence of a reliable source, it may not

3

notice disputed facts contained within the source.") (citation omitted).

## IV. DISCUSSION

The parties agree that *Ettedgui I*'s meal period allegations are "nearly identical" to the Complaint's allegations here. WB's Mot. to Dismiss 3, ECF No. 26; Mot. 3 ("The factual premise for the meal period cause of action in the Related Class Action is the same as the factual premise for the meal period allegation in the PAGA Action."). Notwithstanding *Ettedgui I*'s contrary determination, WB argues that removal was proper because section 301 preempts at least part of Plaintiff's meal period claim. Opp. 11-17. WB alternatively argues that the Court should consolidate *Ettedgui I* and *II* and exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* 17-21.

### A. Preemption of Plaintiff's Meal Period Claim

As in *Ettedgui I*, Plaintiff's meal period claim is premised on the allegations that he could not take timely off-duty breaks, was not given a second off-duty meal period or penalty pay, and was required to carry a walkie talkie during meal periods. Compl. ¶¶ 11-12. "Courts in the Ninth Circuit apply a two-step analysis to determine whether LMRA preemption applies." *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *1 (C.D. Cal. November 30, 2017) (citation omitted). First, courts assess "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" instead of a CBA; if the right exists solely because of the CBA then the claim is preempted. *Id.* (quoting *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). Second, "if the right exists independently of the CBA, [courts] must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id.*

WB contends that Plaintiff's meal period claim is barred by section 512(d) of the Labor Code, which states:

> If an employee in the motion picture industry… is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions, and remedies of the agreement pertaining to meal periods apply in lieu of the applicable

> provisions pertaining to meal periods of subdivision (a) of this section, Section 226.7, and Industrial Welfare Commission Wage Orders 11 and 12.

WB specifically contends that the following CBA provision "includes a monetary remedy if the employee does not receive a meal period required by the agreement":

> Penalty for Delayed Meals- Straight time allowance at the scheduled Studio Hourly Base Rate for length of delay. Minimum allowance: one-half (1/2) hour. Such allowance shall be in addition to the compensation for work time during the delay, and shall not be applied as part of any guarantee.

CBA Article 30.

Plaintiff avers that this provision pertains only to *delayed* meal periods, not *denied* meal periods, and that his sole recourse for such denied meal periods therefore lies in the Labor Code. Mot. 8-9. When assessing these arguments and provisions at the pleading stage in *Ettedgui I*, the Court affirmed Plaintiff's interpretation based on the "CBA's plain language read in light of section 512(d)." MTD Order 7-8 (citing Cal. Labor Code § 512(d) (statutory exemption applies only if governing CBA "provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement.")). The complaints in both matters seek recovery for denied meal periods, a harm for which the CBA does not "include a monetary remedy" whereas Labor Code section 512(a) does. *See* CBA Article 30. The Court could not conclude in *Ettedgui I* that Plaintiff's meal period claim is solely based on rights conferred by the CBA. *Id.* 8 (citing *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) ("[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim.")); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (explaining that "the plaintiff is the master of the complaint" and that if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing.").

Even if this determination were sound, WB argues, section 301 preempts the claim to the extent it is based on *delayed* meal periods, independently supplying jurisdiction. Opp. 11-17. But WB's Notice of Removal in this action and Motion to Dismiss in *Ettedgui I* argue that section 301 completely preempts Plaintiff's meal period claim, making no distinction between portions of that claim based on delayed meals and those based on missed or shortened meals. Only after denial of that argument did WB contend that jurisdiction exists because some of Plaintiff's meal periods may be eligible for compensation under the CBA instead of state law. Neither WB's post-hoc removal justification nor the possibility that some of Plaintiff's meals were delayed instead of denied demonstrates that Plaintiff's state law claims were properly removed in the first instance. *Caterpillar*, 482 U.S. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court.").

WB's argument concedes that significant portions of Plaintiff's meal period claim—*i.e.* missed or shortened meal periods—are evaluated under state law and thus are not preempted. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413 n.12 (1988) ("[A]s a general proposition, a state-law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted."). WB cites no case denying remand based on post-removal suggestions that, given the right facts, one manifestation of an otherwise unremovable claim may trigger a CBA's remedy. Given the present record and resolving ambiguity in favor of remand, WB's retrospective "partial" preemption argument does not satisfy its heavy burden to show that section 301 completely preempts Plaintiff's meal period claim. *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1013 (9th Cir. 2018) ("As McCray has framed his claims (and argued them thus far), his case will rise or fall based on interpretation of the local ordinance, not interpretation of the CBA. The possibility

that things could change down the road is simply not enough to warrant preemption now."). The Court thus declines to recharacterize Plaintiff's meal period claim as arising under federal law based on this theory. *Placencia v. Amcor Packaging Distrib., Inc.*, 2014 WL 2445957, at *2-3 (C.D. Cal. May 12, 2014) ("Plaintiff, as the master of his complaint, has chosen to plead his overtime claim not under the CBA, but rather under California law. Amcor essentially argues Plaintiff can't plead such a claim. That may be proper grounds for demurrer, but it is not sufficient grounds for removal here.").

WB next argues that Plaintiff's entire meal period claim necessitates analysis of the CBA, a point rejected in *Ettedgui I*. MTD Order 9-10 (citing *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691-92 (9th Cir. 2001) ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.")). WB reasons the result here should be different because the Court is no longer confined to the pleadings and can now consider evidence that the parties and industry have long considered the CBA to encompass "all meal periods that are not received timely, including meal periods that are missed entirely." Opp. 13 (citing Decl. of Silisha S. Platon ¶¶ 9-15, ECF No. 28-3).

An executive's claimed "understanding" that the CBA's "Penalty for Delayed Meals" actually encompasses *all* meal periods cannot circumvent the CBA's plain language or that Plaintiff seeks to remedy statutory harms—missed or shortened meal periods—omitted from that language. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) ("A claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued.") (internal quotations and citation omitted). Testimony that WB historically paid more meal period penalties than the CBA required does not establish that the right to such penalties stems solely from the CBA, nor does it demonstrate that Plaintiff's asserted rights are substantially dependent on analysis of the CBA. *Bradford v. Prof'l Tech. Sec.*

*Servs. Inc. (Protech)*, 2020 WL 2747767, at *8 (N.D. Cal. May 27, 2020) (finding that disputed CBA provisions including terms "on-duty" and "emergency situations" were unambiguous and rejecting "defendant's argument that the CBA needed to be interpreted to determine what constitutes a meal period because that is 'a question of state law, not contract interpretation.'") (citation omitted). All told, WB's recycled argument and new "evidence" does not alter the unambiguous CBA provision or the Court's determination that Plaintiff's meal period claim may be adjudicated without analyzing the CBA. MTD Order 10 (citing *McGhee v. Tesoro Ref. & Mktg. Co. LLC,* 440 F. Supp. 3d 1062, 1069-70 (N.D. Cal. 2020) ("Defendants have not shown that any of those terms are 'actively disputed.' For example, Defendants appear to agree that under the CBAs, on-premise meal periods were paid, but all other meal breaks were unpaid. Whether this policy represents 'discouragement' of duty-free meal periods requires the Court to 'consider' the CBA provisions, not to interpret them.")).

Finally, WB argues that simply raising its preemption argument confers jurisdiction. Opp. 15-17. The Court disagrees, as its determination with respect to the two-step *Burnside* analysis means that WB's preemption arguments must be litigated in state court. *Caterpillar*, 482 U.S. at 398-99 ("[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.") (citations omitted); *Lingle,* 486 U.S. at 413 n.12 (holding that plaintiff's claim was not completely preempted, and noting that state court on remand would have to apply federal law to remaining issues requiring interpretation of collective bargaining agreement); *Cramer*, 255 F.3d at 691 ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). WB has therefore failed to satisfy its heavy

/ / /

burden to rebut the presumption against removal. *Gaus*, 980 F.2d at 566; *Hunter,* 582 F.3d at 1042.

### B. Supplemental Jurisdiction

WB alternatively requests that the Court consolidate *Ettedgui I* and *II* and exercise supplemental jurisdiction over all state law claims. Opp. 15-17. WB's request is denied because the Court adjudicates remand before consolidation and no independent jurisdictional basis exists in *Ettedgui II*. *See, e.g., McCray*, 902 F.3d at 1014 ("[T]he district court didn't have jurisdiction to hear this case, because the LMRA doesn't preempt McCray's claims. The district court therefore erred in denying McCray's motion to remand this case to state court and shouldn't have reached the merits of Marriott's motion for summary judgment.").

### V. CONCLUSION

The Motion is **GRANTED**. This matter is **REMANDED** to the Superior Court of California for the County of Los Angeles Case No. 20BBCV00719. WB's motions to dismiss and to consolidate (ECF Nos. 24, 26) and the motion to consolidate in *Ettedgui I* (ECF No. 41) are **DENIED** *as moot*. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: February 18, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE